IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GENETTE BEAUCHAMP, an individual, )
)
Plaintiff, )
)
v. )  CIVIL ACTION NO.
)  3:10-CV-760-
FINANCIAL CREDIT SERVICES, d/b/a )
ASSET RECOVERY ASSOCIATES, )
INC., )
)
Defendant. )

## NOTICE OF REMOVAL

***COMES NOW*** Defendant, Financial Credit Service, Inc., doing business as Asset Recovery Associates ("ARA" or "Defendant"), and incorrectly identified in the above-caption, by its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, and appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and hereby gives notice of the removal of this action from the Circuit Court of Tallapoosa County, Alabama, to the United States District Court, Middle District of Alabama, Eastern Division. In support thereof, ARA respectfully shows the Court as follows:

# I.

## INTRODUCTION

1. Plaintiff Genette Beauchamp ("Plaintiff") commenced this action by filing a complaint against ARA in the Circuit Court of Tallapoosa County, Alabama, Case Number 70-CV-2010-900077.00 on August 5, 2010. The Circuit Court of Tallapoosa County, Alabama is a state court within this judicial district and division.

2. In the Complaint, Plaintiff asserts various claims against ARA based upon ARA's alleged actions of collecting on an unpaid, outstanding account balance belonging to her son, Jimmy Mack Beauchamp. Plaintiff seeks, as a result of ARA's alleged conduct, a judgment against ARA for declaratory relief, statutory, actual, compensatory, and punitive damages, and costs and reasonable attorney's fees." (*See* Complaint, pp. 5 - 10, a true and correct copy of which is attached hereto as Exhibit "A"). Plaintiff also requests "such other and further relief that this Court deems necessary, just and proper" (*Id.*)

3. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §§ 1441 (a)-(b). This matter is properly removable under 28 U.S.C. § 1441(a) and (b) as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II.

## FEDERAL QUESTION JURISDICTION EXISTS OVER THIS ACTION

4. This case is properly removable pursuant to 28 U.S.C. § 1331, which provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Plaintiff's complaint, which contains allegations regarding ARA's collection activities contains various counts, including, but not limited to, claims brought under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff has also alleged common law claims for "negligent training and supervision, reckless and wanton training and supervision, invasion of the right of privacy, respondeat superior and conversion of funds." (See Complaint, pp. 6 – 9).

6.  15 U.S.C. § 1692 et seq. is a federal act, which provides that a consumer can file a civil action when alleged unlawful debt collection practices have been used against him by a collector of debt. As such, Plaintiff has brought a civil action arising under the laws of the United States.

7.  Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441(b). Additionally, this Court also has supplemental jurisdiction over all other related claims pursuant to 28 U.S.C. § 1367(a). Moreover, Plaintiff's state law claims do not raise novel or complex issues of State law or predominate over the 15 U.S.C. § 1692 *et seq.* claims.

### III.

### ADOPTION AND RESERVATION OF DEFENSES

8.  Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of ARA's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to

join indispensable parties; or (9) any other pertinent defense available under Ala. R. Civ. P. 12 and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV.

## PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. Federal jurisdiction exists under 28 U.S.C. § 1331 because this civil action arises under "the Constitution, laws, or treaties of the United States."

11. The time for the filing of ARA's responsive pleading has not yet expired. No further proceedings have been had herein. True, correct, and certified copies of "all process, pleadings, and orders" from the state court to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon ARA to date in this case.

12. The Complaint was filed on August 5, 2010 and ARA was served with the Complaint on August 10, 2010 via U.S. certified mail. Accordingly, this Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

13. ARA has heretofore sought no similar relief.

14. The United States District Court for the Middle District of Alabama, Eastern Division, is the District and Division embracing the place where this action is pending in state court.

1859913 v1

15. ARA reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

16. Contemporaneously with the filing of this Notice of Removal, ARA has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Tallapoosa County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE, PREMISES CONSIDERED**, ARA prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Tallapoosa County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division.

Dated this 9th day of September, 2010:

Respectfully submitted,

_____
R. Frank Springfield (SPR024)
Zachary D. Miller (MIL135)

Attorneys for Defendant
FINANCIAL CREDIT SERVICE, INC., DOING BUSINESS AS ASSET RECOVERY ASSOCIATES

OF COUNSEL:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringf@burr.com
zmiller@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 9th day of September, 2010:

> Leah M. Fuller
> Fuller Law Firm, LLC
> P.O. Box 101883
> Birmingham, AL 35210
> Telephone: (205) 834-8913
> Facsimile: (205) 834-8924
> lfuller@fullerfirm.com

_____
OF COUNSEL

1859913 v1